## IN THE UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | |
|---|---|
| In re<br><br>Alexander E. Jones,<br><br>       Debtor, | Bankruptcy<br>Case No. 22-33553 (CML)<br><br>Chapter 11 |
| In re<br><br>Free Speech Systems LLC,<br><br>       Debtor, | Bankruptcy<br>Case No. 22-60043 (CML)<br><br>Chapter 11 |
| David Wheeler, Francine Wheeler, Jacqueline Barden, Mark Barden, Nicole Hockley, Ian Hockley, Jennifer Hensel, Donna Soto, Carlee Soto Parisi, Carlos M. Soto, Jillian Soto Marino, William Aldenberg, William Sherlach, Robert Parker, and Richard M. Coan, as chapter 7 trustee for the Estate of Erica Lafferty<br><br>       Plaintiffs,<br><br>    v.<br><br>Alexander E. Jones and Free Speech Systems LLC,<br><br>       Defendants. | Adv. Pro. No.: 23-03036 (CML)<br>                      23-03037 (CML) |

**EMERGENCY MOTION OF THE CONNECTICUT PLAINTIFFS
FOR ENTRY OF AN ORDER (A) SCHEDULING CERTAIN DATES
AND DEADLINES, (B) ESTABLISHING CERTAIN PROTOCOLS IN
CONNECTION WITH SUCH HEARINGS, AND (C) GRANTING RELATED RELIEF**

## NOTICE UNDER BANKRUPTCY LOCAL RULE 9013-1(b)

THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN TWENTY-ONE (21) DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.

REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.

EMERGENCY RELIEF HAS BEEN REQUESTED IN ORDER TO ALLOW THE PARTIES TO EFFICIENTLY LITIGATE ISSUES CENTRAL TO THE ADMINISTRATION OF THE BANKRUPTCY IN A TIMELY MANNER. IF THE COURT CONSIDERS THE MOTION ON AN EMERGENCY BASIS, THEN YOU WILL HAVE LESS THAN TWENTY-ONE (21) DAYS TO ANSWER. IF YOU OBJECT TO THE REQUESTED RELIEF OR IF YOU BELIEVE THAT THE EMERGENCY CONSIDERATION IS NOT WARRANTED, YOU SHOULD FILE AN IMMEDIATE RESPONSE.

EMERGENCY RELIEF IS NEEDED BY MARCH 31, 2023.

The Connecticut Plaintiffs[1] by and through their undersigned counsel, file this motion (the "Motion") for entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"). The Sandy Hook Families certify the accuracy of the statements and respectfully represent as follows in support of the Motion:

---

[1] The "Connecticut Plaintiffs" are Mark Barden, Jacqueline Barden, Francine Wheeler, David Wheeler, Ian Hockley, Nicole Hockley, Jennifer Hensel, William Aldenberg, William Sherlach, Carlos M. Soto, Donna Soto, Jillian Soto-Marino, Carlee Soto Parisi, Robert Parker, and Richard M. Coan, as chapter 7 trustee for the estate of Erica Lafferty.

## PRELIMINARY STATEMENT

1.      With liquidated claims of nearly $1.5 billion on account of the State Court Judgments,[2] the Sandy Hook Families[3] comprise the largest creditor constituency in these chapter 11 cases by several orders of magnitude.  The Adversary Complaints[4] allege that the claims arising from the State Court Judgments are not dischargeable because the State Court Judgments comprise final orders in favor of the Sandy Hook Families that establish willful and malicious injuries caused by the Debtors.  The outcome of the Adversary Proceedings will dictate much in respect of the outcomes in these chapter 11 cases, given the sheer magnitude of the State Court Judgments and the Adversary Complaints' allegations of their non-dischargeability.

2.      If, for instance, the Court grants the relief sought by the Sandy Hook Families in the Adversary Proceedings, that decision will have far-reaching consequences for the Debtors, the Sandy Hook Families, and other creditors in these chapter 11 cases with respect to, among other things, any negotiations regarding a plan of reorganization.  The issues raised by the Adversary Complaints are purely legal and do not require any discovery. All that is required is the

---

[2]     The "State Court Judgments" are *Heslin* v. *Jones*, Cause No. D-1-GN-18-001835, in the 261st District Court of Travis County, Texas, Notice of Final Judgment [FSS Docket No. 382, Ex. 1] (Jan. 13, 2023) and *Lafferty* v. *Jones*, Case No. UWY-CV18-6046436-S, in the Judicial District of Waterbury of the Connecticut Superior Court, Judgment on Verdict for Plaintiffs [Jones Docket No. 212, Ex. A] (Oct 12, 2022) and Memorandum Decision on Punitive Damages [Jones Docket No. 212, Ex. B] (November 10, 2022).  For purposes of this Motion, the State Court Dockets (as defined below) shall also include all pleadings and evidence for two cases originally filed separately in Connecticut Superior Court that were later consolidated under *Lafferty* caption: *Sherlach* v. *Jones*, No. FBT-CV-18-6076475-S and *Lafferty* v. *Jones*, Docket No. FBT-CV-18-6075078-S.  *See Lafferty*, Order Regarding Motion to Consolidate [Docket No. 117].

[3]     The "Texas Plaintiffs" have filed parallel adversary proceedings and are seeking substantially similar relief by separate motion (together with the Motion, the "Motions").  The Texas Plaintiffs are Neil Heslin, Scarlett Lewis, Leonard Pozner, Veronique De La Rosa, and Marcel Fontaine.  The Connecticut Plaintiffs and Texas Plaintiffs are referred to herein as the "Sandy Hook Families."  For purposes of this Motion, Marcel Fontaine is one of the "Sandy Hook Families" for ease of identification, but his claims against the Debtors are distinct and not "Sandy Hook" related.

[4]     Capitalized terms not otherwise defined in this Preliminary Statement shall share the meanings ascribed to them elsewhere in the Motion.

designation of Exhibits from the State Court Dockets—items of which the Court may already take judicial notice, in any event.

3.      In light of the extraordinary significance of the Adversary Proceedings to these chapter 11 cases and the ready availability of the State Court Dockets, the Motion seeks entry of the Proposed Order to approve the Adversary Schedule and establish the Exhibit Protocol. These measures will ensure efficient disposition of the Adversary Proceedings on summary judgment and, in so doing, benefit all stakeholders in these chapter 11 cases.

## BACKGROUND

4.      On July 29, 2022, debtor Free Speech Systems LLC ("FSS") filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") before this Court.  On December 2, 2022, debtor Alexander E. Jones ("Jones" and together with FSS, the "Debtors") also filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code before this Court.

5.      On March 10, 2023, pursuant to section 523 of the Bankruptcy Code and rules 4007, 7001(6), and 7001(9) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), the Sandy Hook Families, commenced parallel adversary proceedings (together, the "Adversary Proceedings") by filing parallel complaints (together, the "Adversary Complaints") against each of the Debtors to determine the non-dischargeability of the debts owed by the Debtors to the Sandy Hook Families on account of the State Court Judgments.  Together, the State Court Judgments comprise nearly $1.5 billion in awards of compensatory and punitive damages.

6.      The State Court Judgments were entered after years of litigation between, in each case, certain of the Texas Plaintiffs and the Connecticut Plaintiffs, on the one hand, and the Debtors, among others, on the other.  These lawsuits—which culminated in a series of default

judgments against the Debtors on account, among other things, of their willful non-compliance with court orders—alleged and ultimately demonstrated the Debtors' liability for various acts of defamation and related torts.

7.     Together, the dockets from the state court actions brought by the Sandy Hook Families (collectively, the "State Court Dockets") include thousands of entries comprising hundreds of thousands of pages of pleadings, transcripts, and record evidence.  The State Court Dockets form the sole basis for the State Court Judgments, which—although subject to appeal—are, in each case, final judgments from state courts in Connecticut and Texas.  The State Court Dockets, which include admitted facts, evidence, court orders, and jury verdicts, also confirm the Debtors' willful and malicious injury.

## JURISDICTION AND VENUE

8.     This Court has jurisdiction over the Motion under 28 U.S.C. § 1334.  This is a core proceeding as defined in 28 U.S.C. § 157(b).  Venue is proper under 28 U.S.C. §§ 1408 and 1409.  The statutory and legal predicates for the relief requested herein are section 105 of the Bankruptcy Code, Bankruptcy Rules 7016, 9006, and 9013, and rule 7007-1 of the Bankruptcy Local Rules.

## RELIEF REQUESTED

9.     The Sandy Hook Families respectfully request that the Court approve the following schedule of proposed dates and deadlines (the "Adversary Schedule") pursuant to the Proposed Order:

| Date | Event |
|------|-------|
| **April 26, 2023** | **Summary Judgment Motion Deadline.**  The date by which the parties to the Adversary Proceedings (together, the "Adversary Parties") must file and serve motions for summary judgment in the Adversary Proceedings. |

| Date | Event |
|------|-------|
| **May 24, 2023** | **Summary Judgment Motion Response Deadline**.  The date by which Adversary Parties must file responses, if any, to motions for summary judgment. |
| **June 14, 2023** | **Reply to Summary Judgment Motion Response Deadline.**  The date by which Adversary Parties must file replies, if any, to responses to motions for summary judgment, if any. |
| **June 16, 2023** | **Deadline to Exchange Exhibit Lists.**  The date by which the Adversary Parties must exchange Exhibit Lists (as defined below) in connection with the Summary Judgment Hearing (as defined below). |
| **June 21, 2023** | **Summary Judgment Hearing.**  Subject to the Court's availability, the proposed date for the hearing to consider the relief requested in the Adversary Complaints. |

10.     The Sandy Hook Families likewise request that the Court establish a straightforward protocol (the "Exhibit Protocol") for the designation of exhibits (each, an "Exhibit") from the State Court Dockets.  By no later than June 16, 2023, *i.e.*, the Deadline to Exchange Exhibit Lists, the Adversary Parties, in each case, must exchange lists of Exhibits (such lists, "Exhibit Lists") from the respective State Court Dockets for purposes of the Summary Judgment Hearing.  The Adversary Parties must also file such Exhibit Lists with the Court.

## **BASIS FOR RELIEF**

11.     The relief sought herein is consistent with the Court's prerogative to manage its docket and schedule matters so they are heard in an efficient, timely manner.  Section 105 of the Bankruptcy Code vests the Court with inherent equitable powers to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title."  11 U.S.C. § 105(a).  Bankruptcy Rule 7016, which incorporates rule 16 of the Federal Rules of

Civil Procedure, likewise empowers the Court to set pretrial deadlines and limit discovery.  Fed. R. Bankr. P. 7016(a).

12.     Establishment of the Adversary Schedule and the Exhibit Protocol fall squarely within these prerogatives.  The State Court Judgments comprise the largest claims in these chapter 11 cases by orders of magnitude.  The Adversary Proceedings accordingly present an issue of central importance to these chapter 11 cases that will dictate much in respect of, among other things, the course of the ongoing mediation between the Debtors and the Sandy Hook Families, as well as any negotiations around a plan of reorganization in each case.  The Debtors, the Sandy Hook Families, and the other creditors in these chapter 11 cases would benefit from the expeditious resolution of the Adversary Proceedings promised by the Adversary Schedule, which in any event complies with all applicable rules.

13.     Moreover, protracted litigation in respect of the Adversary Complaints will serve no purpose beyond, on the one hand, the accumulation of estate expenses and professional time, and the erosion of already-limited creditor recoveries, on the other.  The State Court Judgments are indisputably final judgments, and the State Court Dockets upon which the State Court Judgments are premised can be accessed readily by all parties.  The Court can likewise take judicial notice of items from the State Court Dockets.  *See, e.g.*, *Ford* v. *Mem'l Hermann Greater Heights Hosp.*, 2022 WL 2784794, at \*1 (S.D. Tex. June 30, 2022), *appeal dismissed*, 2022 WL 18232562 (5th Cir. Aug. 23, 2022) ("The Court may take judicial notice of matters of public record, including pleadings filed in state court.").

14.     There is no need for fact discovery, since the questions presented by the Adversary Complaints are purely legal in nature and refer entirely to items available from the State Court Dockets.  *See, e.g.*, *In re Rossman,* 2019 WL 3330781, at \*2 (Bankr. D. Conn. July 24, 2019)

(deciding debt non-dischargeable at summary judgment stage upon the briefings and documents appended thereto—including documents from underlying state court judgment—where debt arose from a prior judgment); *In re Delaney*, 504 B.R. 738, 741 (Bankr. D. Conn. 2014) (same). The Exhibit Protocol accordingly ensures that the relevant items from the State Court Dockets, in each case, can be designated in an efficient, timely fashion.

## RESERVATION OF RIGHTS

15.     For the avoidance of doubt, the Connecticut Plaintiffs reserve their rights to amend or supplement this Motion on any basis and reserve all rights and remedies with respect to the Motion and otherwise in these chapter 11 cases and the Adversary Proceedings.

## NOTICE

16.     Notice of this Motion will be served on any party entitled to notice pursuant to Bankruptcy Rule 2002 and any other party entitled to notice pursuant to rule 9013-1(d) of the Bankruptcy Local Rules.

## CONCLUSION

17.     For these reasons set forth above, the Connecticut Plaintiffs respectfully request that the Court enter the Proposed Order (a) approving the Adversary Schedule, (b) establishing the Exhibit Protocol, and (c) granting such other relief as may be appropriate under the circumstances.

Dated: March 24, 2023                    Respectfully submitted,


**CAIN & SKARNULIS PLLC**
By: */s/ Ryan E. Chapple*
Ryan E. Chapple
State Bar No. 24036354
303 Colorado Street, Suite 2850
Austin, TX 78701
Telephone:  (512) 477-5000
Fax:  (512) 477-5011
E-mail:  rchapple@cstrial.com

*Counsel to the Connecticut Plaintiffs*

**KOSKOFF KOSKOFF & BIEDER, PC**
Alinor C. Sterling (admitted *pro hac vice*)
350 Fairfield Avenue, Ste 501
Bridgeport, CT 06604
Telephone:  (203) 336-4421
E-mail:  asterling@koskoff.com

**PAUL, WEISS, RIFKIND,**
**WHARTON & GARRISON LLP**
Kyle J. Kimpler (admitted *pro hac vice*)
Christopher Hopkins (admitted *pro hac vice*)
Daniel S. Sinnreich (admitted *pro hac vice*)
Daniel A. Negless (admitted *pro hac vice*)
Briana P. Sheridan (admitted *pro hac vice*)
1285 Avenue of the Americas
New York, NY 10019
Telephone:  (212) 373-3000
Fax:  (212) 757-3990
E-mail:  kkimpler@paulweiss.com
E-mail:  chopkins@paulweiss.com
E-mail:  dsinnreich@paulweiss.com
E-mail:  dnegless@paulweiss.com
E-mail:  bsheridan@paulweiss.com

*Counsel to the Connecticut Plaintiffs Other*
*Than Richard M. Coan, as Chapter 7*
*Trustee for the Estate of Erica Lafferty*

**ZEISLER & ZEISLER, PC**
Eric Henzy (admitted *pro hac vice*)
10 Middle Street, 15th Floor
Bridgeport, Connecticut  06604
Telephone:  (203) 368-5495

***Counsel to Richard M. Coan, as Chapter 7
Trustee for the Estate of Erica Lafferty***

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Motion has been served on counsel for the Debtor, the Debtor, and all parties receiving or entitled to notice through CM/ECF on this 24th day of March, 2023.

*/s/ Ryan E. Chapple*
Ryan E. Chapple

**IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| In re<br><br>Alexander E. Jones,<br><br>          Debtor, | Bankruptcy<br>Case No. 22-33553 (CML)<br><br>Chapter 11 |
| In re<br><br>Free Speech Systems LLC,<br><br>          Debtor, | Bankruptcy<br>Case No. 22-60043 (CML)<br><br>Chapter 11 |
| David Wheeler, Francine Wheeler, Jacqueline Barden, Mark Barden, Nicole Hockley, Ian Hockley, Jennifer Hensel, Donna Soto, Carlee Soto Parisi, Carlos M. Soto, Jillian Soto Marino, William Aldenberg, William Sherlach, Robert Parker, and Richard M. Coan, as chapter 7 trustee for the Estate of Erica Lafferty<br><br>          Plaintiffs,<br><br>     v.<br><br>Alexander E. Jones and Free Speech Systems LLC,<br><br>          Defendants. | Adv. Pro. No.: 23-03036 (CML)<br>                    23-03037 (CML) |

**ORDER (A) SCHEDULING CERTAIN DATES
AND DEADLINES, (B) ESTABLISHING CERTAIN PROTOCOLS IN
CONNECTION WITH SUCH HEARINGS, AND (C) GRANTING RELATED RELIEF**

Upon the Motions, dated March 24, 2023 (the "Motions") of the Connecticut Plaintiffs[1] and the Texas Plaintiffs (together, the "Sandy Hook Families") for entry of an order (this "Order") pursuant to section 105 of the Bankruptcy Code, Bankruptcy Rules 7016, 9006, and 9013, and rule 7007-1 of the Bankruptcy Local Rules, seeking entry of an order: (a) approving the

---

[1]     Capitalized terms not otherwise defined in this Order shall share the meanings ascribed to them in the Motions.

Adversary Schedule and (b) establishing the Exhibit Protocol, all as more fully set forth in the Motions; and this Court having jurisdiction to consider the Motions and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and it appearing that this is a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motions and hearing thereon having been given as set forth in the Motions; and such notice having been adequate and appropriate under the circumstances, and it appearing that no other or further notice need be provided; and this Court having reviewed the Motions; and this Court having held a hearing (the "Hearing") to consider the relief requested in the Motions; and upon the record of the Hearing; and it appearing that the legal and factual bases set forth in the Motions establish just cause for the relief granted herein; and it appearing that the relief requested in the Motions is in the best interests of the Debtor, its estates, creditors, and all parties in interest; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1.      The following dates and deadlines in connection with the Adversary Proceeding (the "Adversary Schedule") are hereby approved for resolution of the Sandy Hook Families' claims:

| Date | Event |
|---|---|
| **April 26, 2023** | **Summary Judgment Motion Deadline.**  The date by which the Adversary Parties must file and serve motions for summary judgment in the Adversary Proceedings. |
| **May 24, 2023** | **Summary Judgment Motion Response Deadline**.  The date by which Adversary Parties must file responses, if any, to motions for summary judgment. |
| **June 14, 2023** | **Reply to Summary Judgment Motion Response Deadline.** The date by which Adversary Parties must file replies, if any, to responses to motions for summary judgment, if any. |

| Date | Event |
|------|-------|
| **June 16, 2023** | **Deadline to Exchange Exhibit Lists.**  The date by which the Adversary Parties must exchange Exhibit Lists in connection with the Summary Judgment Hearing. |
| **June 21, 2023** | **Summary Judgment Hearing.**   Subject to the Court's availability, the proposed date for the hearing to consider the relief requested in the Adversary Complaints. |

2.      Failure to comply with any of the dates or deadlines set forth in the above Adversary Schedule shall be a waiver of the applicable event by the non-complying party. The Adversary Parties may amend the Adversary Schedule only upon the agreement of the Adversary Parties and the consent of the Court.

3.      The Adversary Schedule shall govern the dates and deadlines for the Adversary Proceeding.  Nothing set forth herein or in the Motions shall be deemed to impair the ability of any Adversary Party to seek Court approval of other dates and deadlines with respect to the Adversary Proceeding or related proceedings.

4.      The Exhibit Protocol shall govern the exchange of Exhibit Lists and the filing of such Exhibit Lists with the Court.  The Adversary Parties may not amend the Exhibit Protocol without further order from the Court.

5.      All time periods set forth in this order shall be calculated in accordance with Bankruptcy Rule 9006(a).

6.      The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

7.      The Adversary Parties are authorized to take all action necessary or appropriate to carry out the relief granted in this Order.

8.      This Court shall retain jurisdiction over all matters arising from or related to the interpretation, implementation, and enforcement of this Order.

Dated: _____, 2023
           Houston, Texas

_____
**CHRISTOPHER LOPEZ**
**UNITED STATES BANKRUPTCY JUDGE**